UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Jorge H. Perez<br>        Debtor<br><br>Address: 118 Washington Avenue, New Rochelle, NY 10801<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s).,(if any): 8098 | Comfort Order<br><br>Case Number 25-22564<br><br>Chapter 13 |

**ORDER CONFIRMING THAT THE AUTOMATIC STAY HAS TERMINATED**

WHEREAS, U.S. Bank National Association, as Trustee, in trust on behalf of J.P. Morgan Mortgage Acquisition Trust 2006-CW2 ("Secured Creditor"), a secured creditor of the Debtor, requested entry of an Order pursuant to Bankruptcy Code Sections 362(c)(4)(A)(ii) and 362(j) declaring that the Automatic Stay has not gone into effect upon the filing of the instant case; and

WHEREAS, the above-captioned case represents the third bankruptcy filing by Jorge H. Perez in a period of less than one year, wherein two prior filings were both dismissed, and

WHEREAS, the Court determined that the instant case represents the fourth bankruptcy filing by the Debtor in a period of less than one year and that prior filings were dismissed; and

WHEREAS, §362(c)(4)(A)(i) and (ii) provides that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect."

Upon the request of the Secured Creditor, it is hereby

**ORDERED**, that the automatic stay did not go into effect upon the filing of the instant bankruptcy case and the Foreclosure Sale was conducted by Anthony B. Tirone, Esq., on June 24, 2025 is valid and the Secured Creditor, its successors, agents or assigns shall be permitted to exercise its rights under the Note and Mortgage and applicable state law with regard to the premises commonly known as 118 Washington Avenue, New Rochelle, NY 10801; and it is further

**ORDERED,** that the subsequent confirmation of a Chapter 13 Plan providing for payment to the Secured Creditor shall not be binding upon the Secured Creditor and shall have no effect whatsoever on the Secured Creditor with regard to the premises commonly known as 118 Washington Avenue, New Rochelle, NY 10801.

###



**Dated: August 22, 2025
Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris
U.S. Bankruptcy Judge**